**People of the State of Illinois, Plaintiff-Appellee, v. John Mattingly, Defendant-Appellant.**

**Gen. No. 52,379.**

First District, Fourth Division.

February 14, 1969.

Marshall Patner, Alfred R. Lipton, and Leslie R. Seeligson, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Howard Levine, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McNAMARA delivered the opinion of the court.

Defendant, John Mattingly, was charged with the theft of $80 in violation of Ill Rev Stats 1965, c 38, § 16–1. After a trial by jury, defendant was convicted and sentenced by the judge to two years' probation conditioned on his serving the first 90 days in the House of Correction and his payment of $125 to the complaining witness. Defendant appeals, contending that the State failed to prove that a crime was committed; that he was not brought to trial within 120 days after demand and so was entitled to discharge; that he was denied his constitutional right to counsel; that the prejudicial remarks of the assistant State's Attorney in closing argument denied him a fair and impartial trial; and that the trial judge committed prejudicial error in refusing to provide defendant with a copy of the complaint at the time of trial.

On March 13, 1967, the day of trial, defendant appeared without counsel. An assistant Public Defender was appointed by the Court to represent the defendant and asked on defendant's behalf to waive trial by jury. However, when the defendant refused to waive a jury trial, the Court withdrew the appointment of the Public Defender. A jury trial then commenced immediately without defendant having counsel.

Joyce Del Porte, the complaining witness, testified that on or about July 27, 1966, she and her husband learned of a vacant, furnished apartment through a rental agency. They visited the premises at 3045 N. Troy Street in Chicago and subsequently agreed to rent it from the defendant. They also agreed to pay a total security deposit of $200. They paid $80 of this sum, and received

a receipt from the defendant for that amount. They were to obtain possession on August 3, 1966, but were unable to do so because the apartment was occupied by another family. Defendant asked her husband, Julian Del Porte, to assist him in evicting the occupants, but her husband refused. She and her husband then secured other accommodations. Despite their consistent demands, defendant would not return their $80, saying that they had forfeited their deposit. On cross-examination, the complainant testified that her husband signed an application for a lease and also a lease. She also testified that defendant had agreed to store the furniture because they wanted an unfurnished apartment.

Julian Del Porte corroborated the testimony of his wife, and testified that he had agreed to help the defendant move the furniture out of the apartment.

Defendant testified that he was the owner of the building in question. (The record indicates that the premises consisted of a six-room home, with defendant living in the basement.) He also testified that he believed the lessees had forfeited their deposit because they had broken the contract. They had failed to pay the balance of the security deposit and had refused to assist him in moving furniture out of the apartment.

Defendant contends that the State failed to prove that the crime of theft had been committed in that it failed to show any wrongful intent on his part.

Section 16-1 of the Criminal Code (Ill Rev Stats 1965, c 38, § 16-1) reads as follows:

"A person commits theft when he knowingly:
"(a) Obtains or exerts unauthorized control over property of the owner; or
"(b) Obtains by deception control over property of the owner; or
"(c) Obtains by threat control over property of the owner; or

"(d) Obtains control over stolen property knowing the property to have been stolen by another, and

"(1) Intends to deprive the owner permanently of the use or benefit of the property; or

"(2) Knowingly uses, conceals or abandons the property in such manner as to deprive the owner permanently of such use or benefit; or

"(3) Uses, conceals, or abandons the property knowing such use, concealment or abandonment probably will deprive the owner permanently of such use or benefit."

██ ██ No evidence was presented that defendant obtained the money by deception or threat. Therefore the State had to prove that defendant knowingly exerted unauthorized control over the money. The State predicated its prosecution on the basis of a demand by complainant for a return of the $80 deposit and the refusal of the defendant to do so. However in the application for lease defendant bound himself to return the money only if the tenants were unacceptable to him. Thereafter a lease was executed which was to commence on August 3 and which provided for a security deposit of $200, $120 of which remained unpaid. On August 3, complainant was unable to obtain possession because another family occupied the premises. Under the terms of the lease defendant had a right to control the deposit until the termination thereof, and the failure of defendant to deliver possession did not terminate the lease. The tenants had the right to gain possession of the premises from the occupants by a suit in forcible detainer. Gazzolo v. Chambers, 73 Ill 75; ILP, Landlord and Tenant, § 458. On the evidence contained in this record, complainant has shown no right to demand the money.

Therefore defendant could not be charged with exerting unauthorized control over it. Since the crime of theft was not proved, the judgment is reversed.

Because of our view of the proceedings, it is not necessary to discuss the other issues presented.

Judgment reversed.

DRUCKER, P. J. and ENGLISH, J., concur.